UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIAN SCHAAP,

    Plaintiff,

    v.                                                       CAUSE NO.: 2:20-CV-143-TLS

BENYAMA DONTE MORMAN BELL,

    Defendant.

**OPINION AND ORDER**

    This matter is before the Court sua sponte. Plaintiff Brian Schaap sued Defendants Louis Arcuri, Jr., Arcides Santiago, Sayra Jiminez-Segovia, and Je Sanchez (collectively, "Defendant Officers"), on April 8, 2020, claiming damages under 42 U.S.C. § 1983 based upon violations of the Fourteenth Amendment to the United States Constitution as well as bringing state law claims. *See* Compl., ECF No. 1. The Court's subject matter jurisdiction was invoked under 28 U.S.C. § 1331. On April 30, 2020, the Plaintiff filed an Amended Complaint that added Benyama Dante Morman Bell, a private citizen, as a defendant and appears to bring state law claims against him. *See* Am. Compl., ECF No. 17. On July 9, 2020, the Plaintiff filed a Second Amended Complaint that added the City of East Chicago as a defendant based on the conduct of the Defendant Officers. *See* Second Am. Compl., ECF No. 36.

    The Plaintiff claimed that the Defendant Officers, acting within the scope of their employment with the City of East Chicago and under the color of law, failed to protect the rights granted to him under the Fourteenth Amendment. Second Am. Compl. ¶¶ 21, 22. The Plaintiff claimed that he suffered injuries because of the Defendant Officers' inaction and because he was attacked by Defendant Bell. *Id.* ¶ 22.

The Court has federal question jurisdiction over the constitutional claims brought against the Defendant Officers and the City of East Chicago. *See* 28 U.S.C. § 1331. However, it appears that the Court does not have original jurisdiction over any state law claims brought against Defendant Bell because those claims do not present a federal question and the parties do not appear to be diverse—both the Plaintiff and Defendant Bell are alleged to be a "resident[s]" of Indiana.[1] *See* 28 U.S.C. § 1332; Second Am. Compl. ¶¶ 4, 9. Rather, the Court has supplemental jurisdiction over the claims against Defendant Bell because they "form part of the same case or controversy" as the Plaintiff's constitutional claims against the Defendant Officers. *See* 28 U.S.C. § 1367. On July 12, 2023, the Court issued an Opinion and Order granting summary judgment in favor of the Defendant Officers and the City of East Chicago and dismissing all claims against them. ECF No. 91. Thus, it appears that the Court dismissed all claims over which it had original jurisdiction.

Under 28 U.S.C. § 1367, district courts have supplemental jurisdiction over claims that "form part of the same case or controversy" as claims over which the courts have original jurisdiction. 28 U.S.C. § 1367(a). However, "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Isabella A. by David A. v. Arrowhead Union High Sch. Dist.*, 323 F. Supp. 3d 1052, 1064 (E.D. Wis. 2018) ("[W]here the court has dismissed all the claims within its original jurisdiction . . . 'the presumption is that the court will relinquish

---

[1] The Court considers Defendant Bell's domicile for purposes of diversity jurisdiction notwithstanding the Clerk of Court's entry of default against Defendant Bell. *See* ECF No. 62; *Countryside Bank v. Sheikh*, No. 2:18-CV-347, 2020 WL 564158, *7 (N.D. Ind. Feb. 5, 2020) (reasoning that the citizenship of a non-diverse defendant against whom default judgment had been entered should be considered for diversity purposes); *Schlegle & Sons Printing v. United English Breeders & Fanciers Ass'n*, 682 F. Supp. 36, 37 (C.D. Ill. 1988) (rejecting the argument that a defaulted party should be disregarded for purposes of determining diversity jurisdiction).

federal jurisdiction over any supplemental state-law claims.'" (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010))); *Baig v. Coca-Cola Co.*, 69 F. Supp. 3d 766, 781 (N.D. Ill. 2014) (declining to exercise supplemental jurisdiction because the court had dismissed all claims over which it had original jurisdiction).

Based on the foregoing, the Court is inclined to relinquish its supplemental jurisdiction over the state law claims against Defendant Bell because the Court has not engaged in any meaningful review of the claims and has not otherwise committed substantial judicial resources to them. However, the Court must first confirm the citizenship of the Plaintiff and Defendant Bell to ensure that it lacks original jurisdiction based on diversity of citizenship over the remaining claims. The Plaintiff has alleged the "residence" of the Plaintiff and of Defendant Bell rather than the "domicile" of each. Domicile, not residence, is the test for the citizenship of natural persons for purposes of diversity jurisdiction under 28 U.S.C. § 1332. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." (citing *Gilbert v. David*, 235 U.S. 561 (1915))); *RTP LLC v. ORIX Real Est. Cap., Inc.*, 827 F.3d 689, 692 (7th Cir. 2016) ("Citizenship depends not on residence but on domicile, which means the place where a person intends to live in the long run. It is possible to reside in one state while planning to return to a long-term residence in another state."). As the party invoking the Court's jurisdiction, the Plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009).

Accordingly, the Court hereby ORDERS the Plaintiff to FILE, on or before October 5, 2023, a supplemental jurisdictional statement setting forth the citizenship of the Plaintiff and of Defendant Bell by alleging the domicile of each on the date the Amended Complaint added the claim against Defendant Bell. A failure to do so will constitute an admission that diversity of citizenship between the Plaintiff and Defendant Bell cannot be demonstrated, in which case the Court will enter an order relinquishing its supplemental jurisdiction over the state law claims against Defendant Bell and dismissing those claims without prejudice.

SO ORDERED on September 21, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT